Julie GRIMES, Muriel Pritchett and Deborah Dance, Plaintiffs,

v.

ATHENS NEWSPAPER, INC., Defendant.

Civ. A. No. 83–127–ATH.

United States District Court, M.D. Georgia, Athens Division.

March 21, 1985.

David R. Sweat, Jeanne M.L. Player, Athens, Ga., for plaintiffs.

John E. Donovan, Donald B. Harden, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff copy editor employees of defendant Athens, Georgia newspaper sued the defendant pursuant to the Equal Pay Act, 29 U.S.C. § 206(d), to wit:

No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and

responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

contending that the defendant discriminated against them by paying them less than the defendant paid male sports reporters for equal work.

Defendant newspaper, a wholly owned subsidiary of Morris Communications Corporation, "stipulated that for purposes of this lawsuit the work of the sports reporters and the copy editors may be considered equal ... [and] also waived the merit, seniority and other defenses available to it under the Equal Pay Act ... [Defendant also] stipulated that a three-year statute of limitations may be applied, and that any back pay found owing to plaintiffs may be doubled." (Defendants Post-Trial Brief p. 3). Having done so the parties submitted the issue of damages to the court to be decided non-jury from the exhibits and evidence presented during a November 28, 1984, hearing, as well as the entire file and the oral and written contentions of the attorneys for the parties.

Plaintiffs and defendants urge the court if at all possible to utilize the individualized or comparator approach set forth in *EEOC v. Liggett & Myers, Inc.,* 690 F.2d 1072 (4th Cir.1982). There the Fourth Circuit Court of Appeals stated at page 1076:

With respect to individualized back pay awards, there is no indication that the district court even considered their possibility. EEOC argues that the possibility was ruled out by the district court's findings that consideration by the company of legitimate factors could not explain the spreread between female salaries and male salaries. *For individualized back pay awards to be feasible, however, it is only necessary that consideration by the company of legitimate factors tends to explain the spread among various male salaries.* Proof that female workers were paid less than male workers doing comparable work, even though the female workers had more education and seniority, simply does not establish that individualized back pay awards are not feasible. It is true that EEOC has cited examples where even the spread among various male salaries does not seem explainable on the basis of education or seniority, but the district court also gave examples where it does. More importantly, counsel for EEOC conceded at oral argument that for many of the twenty-two injured female employees, a male employee doing comparable work and possessing comparable seniority and education could be identified. *Where that can be done* and where as here we are dealing with only twenty-two injured employees, we conclude that *the female employee should be awarded the difference between what she was paid and what the comparable male employee was paid.*

*We, of course, do not rule that individualized back pay awards are required in all cases or for all employees.* In many situations, a district court may properly conclude that the approach would be unworkable—to name a few, where the number of affected employees is so large as to render individualized back pay awards unduly burdensome on the judicial process, where there is an absence of comparables, etc. Given the facts in the present case, however, we think that the case must be remanded so that the district court may fully consider the possibility of applying an individualized approach. While the approach may prove unworkable for the injured female employees in the smaller departments, we are included to think that the approach will prove workable for the bulk of the injured female employees.

In those instances, if any, *where the individualized approach is shown not*

*to be feasible, it will be necessary for the district court to choose between using the highest male salary or the average male salary as the basis for comparison....* (emphasis added).

■ Impressed by and concerned over both plaintiffs and defendant suggesting application of the individualized or comparator approach, the court has carefully considered the entire record and, having done so, regrettably concludes that the individual or comparator approach is not feasible because:

(a) The defendant, in general, and defendant's hiring official, in particular, offer nothing other than the defendant's operating budget to objectively explain the spread among the salaries of male sports writers.

(2) The only discernible basis for paying males the varying amounts they were paid seems to be the subjective judgment of defendant's hiring official and the willingness of the male employee to accept the amount offered.

(3) The spread among male workers does not seem explainable on the basis of education, experience or seniority.

■ For the individualized, comparator approach to be feasible—to be usable, there must be some apparent rational basis for the spread among male employees. That is totally lacking in this case. The individualized or comparator approach having been found not to be feasible, the Fourth Circuit suggests it is "necessary ... to choose between using the highest male salary or the average male salary as the basis for comparison."

■ In making a choice, it is appropriate to bear in mind that the focus of the Equal Pay Act is on the job rather than on what skill the employee performing the job has. The act prohibits any wage differential between the sexes for performance of equal jobs, no matter how much—small or large—that differential may be. *"Any* difference in the wages paid to the respective sexes is prohibited by the Act unless justified under one of the statutory exceptions." *Hodgson v. American Bank of*

*Commerce,* 447 F.2d 416, 420 (5th Cir. 1971)(emphasis added). And, of course, here the defendant has stipulated that these wage differences between men and women are not justified by any statutory exception. Therefore, any difference between the wages paid to the plaintiff females and the male sports writers is prohibited by the Act. That being the purpose of the Act, this court chooses to compare each plaintiff's wages to the highest male salary being paid for the job at the time of performance. To do otherwise would be to depart from the equal pay for equal job purpose of the Act.

While *EEOC v. Liggett & Myers, Inc., supra,* is more specific than the decisions of the Fifth and Eleventh Circuits, it's application to this case is consistent with decisions of this circuit. As the Fifth Circuit Court of Appeals said in 1973:

While the mechanics of computing back pay are difficult and alternative figures might have been used by the trial court in fashioning a remedy, whatever difficulty of ascertainment exists was due to the discriminatory wage structure maintained by the defendant. In such cases, it suffices for the trial court to determine the amount of back wages *'as a matter of just and reasonable inference.'* *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687–688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946). 'Difficulty of ascertainment is no longer confused with right of recovery.' *Mitchell v. Mitchell Truck Line, Inc.,* 286 F.2d 721 at 725–726 (5th Cir.1961) and *Hodgson v. Ricky Fashions, Inc.,* 434 F.2d 1261 at 1262–1263 (5th Cir., 1970). Since no single wage scale could be ascertained for women or men ..., and because the formula used by the trial court was reasonably calculated to compensate the discriminatees for their losses, we decline to require a more precise calculation in this case.

*Brennan v. City Stores, Inc.,* 479 F.2d 235, 242 (5th Cir.1973) (emphasis added).

Accordingly, the defendant is required by the Equal Pay Act to pay each plaintiff female during the time she was performing

the job or duties of copy editor the same amount as was then being paid to the highest paid male sports writer. To the extent such amounts were not paid, the plaintiffs are entitled to damages as provided by law and the agreement of the parties.

The attorneys for the parties are invited to confer and present within fifteen days a proposed judgment setting forth the specific monetary amounts to be awarded plaintiffs pursuant to these findings. Presentation of the same, of course, will be without prejudice to the right of each party to appeal this order at such time as a judgment has been entered.